IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01972-WYD-MJW

JOSEPH J. FLEMING,

  Plaintiff,

v.

DR. C.L. POLLAND, Director,
FNU MNU CAMACHO, Physician's Assistant,
FNU MNU CURTIS, Physician's Assistant,
UNKNOWN SUPERVISOR, ADX Florence,

  Defendants.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on the Motion to Dismiss Pursuant to Rule 12(b)(1)

by Stacey Curtis and the Partial Motion to Dismiss Pursuant to Rule 12(b)(1) by Ron

Comacho (docket nos. 51 and 52.)  These motions were referred to Magistrate Judge

Watanabe for a recommendation by Order of Reference of November 4, 2009, and

Memorandum of March 2, 2010.  Magistrate Judge Watanabe issued a Recommendation

on the motions on April 7, 2010,  which is incorporated herein by reference.  *See* 28 U.S.C.

§ 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Specifically, he recommends

therein that both motions to dismiss be granted, that all claims against Stacy Curtis be

dismissed with prejudice, and that the official capacity claims against Defendant Ron

Camacho be dismissed with prejudice.  *See* Recommendation at 11.

After receiving an extension of time, Plaintiff filed a timely objection to the

Recommendation on May 24, 2010.  This objection necessitates a *de novo* determination

as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Defendants Camacho and Curtis filed a response to the objections on June 4, 2010.

In the Objection Plaintiff concedes that he is unable to support official capacity constitutional claims against Defendants Curtis and Camacho. Objection at 1. However, he asserts that he is attempting, through an amended complaint, to more closely author claims against these Defendants in their official capacity via Colorado state laws where the United States has provided a statutory waiver via 28 U.S.C. § 1346(b). Plaintiff asks that the Court consider his "3rd Amended Complaint" (tendered on May 26, 2010) before considering dismissal of all claims against Curtis and the official capacity claims against Camacho. *Id.*

I find that the above argument should be rejected and Plaintiff's objection on the issue overruled. First, Plaintiff's tendered "3rd Amended Complaint" (doc. # 77) has not yet been accepted for filing by this Court. Second, I find that even if Plaintiff's motion for leave to file the Third Amended Complaint (filed June 14, 2010 and referred to Magistrate Judge Watanabe) is granted, that complaint does not change the analysis. Plaintiff still has not made viable official capacity constitutional claims against Defendants Curtis and Camacho. Accordingly, the recommendation to dismiss the official capacity claims is affirmed.

Plaintiff also takes issue with Magistrate Judge Watanabe's finding that an award of injunctive relief would have no effect on Defendants' behavior toward Plaintiff, since Plaintiff has been transferred from the Florence Correctional Facility ["FCC"] where the Defendants are employed and against whom the claims in the Second Amended Complaint are asserted. Plaintiff asserts that his injunctive request is an official capacity claim which

is a claim against the United States, and that his transfer from the FCC to the Federal Correctional Institute in Fort Worth, Texas was done while he was in United States custody. Again, Plaintiff's argument is rejected and his objection overruled on this issue.

First, as Magistrate Judge Watanabe properly noted, Plaintiff did not include a request for injunctive relief in his Second Amended Complaint and such a claim is not before the Court. Second, Plaintiff concedes in his Objection that he is unable to support the official capacity constitutional claims against Defendants Curtis and Camacho. Third, official capacity claims as to actions taken by named Defendants in a particular United States prison facility do not transfer to different prison officials in a different United States facility for purposes of obtaining injunctive relief. Since Plaintiff is no longer at the FCC, any claims for injunctive relief regarding his conditions of confinement at the FCC are now moot.

Based on the foregoing, I find that Magistrate Judge Watanabe's Recommendation should be affirmed in its entirety and that Plaintiff's objections should be overruled. It is therefore

ORDERED that the "Recommendation on Motion to Dismiss Pursuant to Rule 12(b)(1) by Stacey Curtis (Docket No. 51) and Partial Motion to Dismiss Pursuant to Rule 12(b)(1) by Ron Camacho (Docket No. 52)" filed April 7, 2010, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the Motion to Dismiss Pursuant to Rule 12(b)(1) by Stacey Curtis (Docket No. 51) is **GRANTED**, and all claims against Defendant Stacey Curtis are **DISMISSED WITH PREJUDICE.** Defendant Stacey Curtis (named as "FNU MNU CURTIS,

Physician's Assistant" in the Second Amended Complaint) shall hereafter be taken off the caption. It is

FURTHER ORDERED that the Partial Motion to Dismiss Pursuant to Rule 12(b)(1) by Ron Camacho (Docket No. 52) is **GRANTED**. Plaintiff's official capacity claims against Defendant Ron Camacho in his official capacity (named as "FNU MNU CAMACHO, Physician's Assistant" in the Second Amended Complaint) are **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that Plaintiff's Objections to the Recommendation (Docket No. 75) are **OVERRULED**.

Dated: June 15, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge