IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01972-WYD-MJW

JOSEPH J. FLEMING,

Plaintiff,

v.

CAMACHO,
CURTIS, and
DR. C.L. POLLAND,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Defendants' Motion to Compel (docket no. 86) is **GRANTED.** The Pro Se Incarcerated Plaintiff has failed to file any response to the subject motion (docket no. 86) and this court deems the subject motion confessed.

Accordingly, it is **FURTHER ORDERED** that the Pro Se Incarcerated Plaintiff shall provide to the Defendants his Fed. R. Civ. P. 26(a)(1) disclosures **on or before August 16, 2010.** Such disclosures shall include the names of witnesses; addresses for the witnesses; telephone numbers for the witnesses and a description of the information that each witness has as to any claim or defense brought in this lawsuit. The Pro Se Incarcerated Plaintiff shall also provide to the Defendants copies of any documents that support his claims and itemized computation of damages with supportive documents for such damages, if any. The Fed. R. Civ. P. 26(a)(1) disclosures listed above shall be signed and dated by the Pro Se Incarcerated Plaintiff as required under Fed. R. Civ. P. 26(g)(1) and should be accompanied by a certificate of service.

Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." ***Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979***

The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. ***Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan.***

*1998)* (pro se plaintiffs are held to the same rules of procedure which apply to other litigants).

It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  ***Gibson v. City of Cripple Creek, 48 F 3d 1231, (10th Cir. 1995).***

Date:  July 22, 2010